UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT R MCDANIEL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-1235 |
| | § | |
| MOMENTIVE SPECIALTY CHEMICALS, | § | |
| INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

### I.

Pending before the Court is the defendants', Momentive Specialty Chemicals, Inc. ("Momentive") and Oilfield Technology Group, Inc. ("OTG"), motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (Docket No. 94). The plaintiff, Robert R. McDaniel, has responded (Docket No. 103) and the defendants have replied (Docket No. 108). Having carefully reviewed the parties' submissions, the record and the applicable law, the Court GRANTS the defendants' motion.

### II.

Momentive is a corporation that produces specialty chemicals and materials and OTG is a legally distinct division within the company. McDaniel was employed by Hexion Specialty Chemicals, Inc. (since renamed Momentive) in various positions for twenty-six years until the parties ended the relationship on April 30, 2010. McDaniel was sixty-three years old at the time.

In April 2010, McDaniel was told that his position was being eliminated due to restructuring. He was offered several other positions in the company with differing rates of pay, but refused to accept another post. McDaniel and the defendants negotiated a Severance

Agreement that, among other things, provided McDaniel with a number of benefits in exchange for a release of any potential claims against the company arising from his job. After the parties confirmed the terms of Severance Agreement, McDaniel reviewed and signed it.

In April 2012, McDaniel was informed that his position at the company was not eliminated because of restructuring, and was being held by an individual almost twenty years younger than himself. As a result of this revelation, McDaniel filed this suit alleging one count of discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*.

### III.

The defendants argue that summary judgment is appropriate on the plaintiff's age discrimination claim for four independent reasons: (1) the claim is barred by the release provision in the Severance Agreement; (2) the claim was not timely filed; (3) McDaniel did not suffer an adverse employment action and thus cannot establish a *prima facie* case of discrimination; and (4) McDaniel cannot provide any testimony or other competent evidence that he suffered any damages as a result of the defendants' actions.

McDaniel argues that he did not release his ADEA claim by signing the Severance Agreement because he did not sign the waiver knowingly—the defendants created the false impression that his job was being eliminated because of restructuring. McDaniel argues that this same misrepresentation tolled the statute of limitations and thus the claim was filed well within the statutorily prescribed timeframe. The plaintiff also contends that his departure constitutes an adverse employment action because he was forced to accept a demotion or involuntarily tender his resignation. Finally, McDaniel asserts that he has presented sufficient evidence to create a fact issue as to whether he has suffered an injury and is entitled to damages.

**IV.**

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); citing *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Id.* (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994)).

When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

## V.

The Older Workers Benefits Protection Act (OWBPA) amended the ADEA to permit employers to enforce waivers of age discrimination claims. 29 U.S.C. § 626 (f)(1); *Blakeney v. Lomas Info. Sys., Inc.*, 65 F.3d 482, 484 (5th Cir. 1995). A release of ADEA claims is only valid if an employee knowingly and voluntarily enters into it. *Id.* "To constitute a knowing and voluntary waiver, the release must meet specific statutory requirements such as specifically referring to the ADEA, advising the individual to consult with an attorney, and providing a grace period to consider signing the agreement." *Blakeney*, 65 F.3d at 484 (citing 29 U.S.C. §§ 626(f)(1)(B), (E), (F)). However, the OWBPA requirements are the "minimum" that need to be established for a waiver to be considered knowing and voluntary. Meeting those requirements "does not necessarily compel the conclusion that a waiver was made knowingly and voluntarily." *Griffith v. Novation, LLC*, 2006 WL 1374017, *2 (N.D. Tex. May 18, 2006) (collecting cases).

It is undisputed that upon McDaniel's resignation, he negotiated and signed the Severance Agreement. It is also undisputed that the agreement fully complied with the pertinent provisions of the OWBPA. McDaniel argues that he did not knowingly agree to the release because before he began negotiating the Severance Agreement he had been told by Momentive that his position was being eliminated due to restructuring. After signing the agreement, and in the context of another litigation, McDaniel found out that no such restructuring ever occurred. He contends that this allegedly material misrepresentation by Momentive prevented him from knowingly agreeing to the waiver.

The Court is of the opinion that McDaniel knowingly and voluntarily agreed to release any and all ADEA claims against the defendants.[1] However, even assuming that McDaniel was

---

[1] The Court reached this conclusion after evaluating the facts, in the light most favorable to the plaintiff, under a "totality of the circumstances" approach. *See Griffith*, 2006 WL 1374017, at *3 (explaining that the Fifth Circuit has

induced to sign the waiver by a material misrepresentation, he ratified the release by retaining the consideration he received for it. "A person who signs a release, then sues his or her employer for matters covered under the release, is obligated to return the consideration." *Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 937 (5th Cir. 1994); *see also Blakeney*, 65 F.3d at 485. The release "is ratified if the releasor retains the consideration after learning that the release is voidable." *Id.*

McDaniel filed this lawsuit on September 13, 2012, asserting a claim of age discrimination. The release covered any potential claim relating to McDaniel's job, including "claims under the Age Discrimination in Employment Act." (Docket No. 94, Ex. 4 ¶ 3). Among other benefits, McDaniel received $164,785 from the defendants as severance in consideration for releasing all claims against them. McDaniel testified that he was actually paid that money and that he has never returned or even offered to return it. Thus, McDaniel has ratified the release and his age discrimination claim is barred.[2]

## VI.

For the foregoing reasons, the Court GRANTS the defendants' motion for summary judgment.

**It is so ORDERED**.

SIGNED on this 29th day of May, 2014.

_____
Kenneth M. Hoyt
United States District Judge

---

not considered whether the totality of the circumstances approach still applies after the enactment of the OWBPA but noting that other circuits that previously adopted the approach have continued to use it); *see also O'Hare v. Global Natural Res., Inc.*, 898 F.2d 1015, 1017 (5th Cir. 1990) (adopting the totality of the circumstances approach).
[2] Because resolution of this issue disposes of the motion, the Court expresses no opinion on the defendants' other arguments as to why summary judgment is proper.